IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| KEVIN GARDNER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 6:23-cv-369-JDK |
| | § | |
| STATE FARM LLOYDS, | § | |
| | § | |
| Defendants. | § | |

### ORDER ADOPTING REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Kevin Gardner initiated this lawsuit in state court concerning an insurance dispute. The case was then removed to federal court. Before the Court are Defendant State Farm Lloyds's Motion for Summary Judgment on Plaintiff's Claims and Causes of Action (Docket No. 25) and Defendant's Motion for Partial Summary Judgment on Plaintiff's Extra-Contractual Claims (Docket No. 26). The motions were referred to United States Magistrate Judge K. Nicole Mitchell pursuant to 28 U.S.C. § 636.

On December 19, 2024, Judge Mitchell issued a Report recommending that the Court grant both of Defendant's motions. Docket No. 51. Plaintiff filed written objections, and Defendant responded to the written objections. Docket Nos. 52; 54.

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire

record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

In his objections, Plaintiff submits that the Report erroneously excluded his response to Defendant's motion to strike and recommended granting the motion for summary judgment and the motion for partial summary judgment due to the improper exclusion of his response. Defendant's reply brief on the motion for summary judgment objected to and sought to strike evidence submitted by Plaintiff in response to the motion for summary judgment. Plaintiff filed a sur-reply arguing that his expert's (Mr. Ogden's) opinions were relevant and reliable and should not be stricken. Plaintiff argues that the Report failed to consider his sur-reply.

Plaintiff misreads the Report. Plaintiff points to a sentence in the Report stating, "Plaintiff did not respond to those assertions or to Defendant's request to strike Mr. Ogden's causation opinions." Docket No. 51 at 11. But immediately prior to that sentence, the Report referenced an argument by Defendant that Plaintiff's expert Mr. Ogden "is not qualified to opine as to whether the February 2021 weather event could have caused the damage to Plaintiff's roof, and he does not have expertise relating to roof loads and roof design." *Id.* Plaintiff's sur-reply did not address those specific assertions. Plaintiff's sur-reply presented overarching legal principles but failed to address Mr. Ogden's specific qualifications to render an opinion on causation. Further, Plaintiff's sur-

2

reply did not address the conclusory nature of Mr. Ogden's causation opinion. Instead, Plaintiff submitted conclusory statements that his expert opinion was reliable because it was "based on his personal inspection and photographing" of the property and he is a "highly qualified public insurance adjuster." Docket No. 44 at 6. Contrary to Plaintiff's objections, the Court considered Plaintiff's sur-reply and pointed to its deficiencies.

Having conducted a de novo review of the record in this case and the Magistrate Judge's Report, the Court has determined that the Report of the Magistrate Judge is correct and that Plaintiff's objections are without merit. Accordingly, the Court hereby **ADOPTS** the Report of the Magistrate Judge (Docket No. 51) as the opinion of the Court. Plaintiff's claims are **DISMISSED** with prejudice.

So **ORDERED** and **SIGNED** this **20th** day of **January, 2025.**

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE